CRAIG G. MARGULIES, SBN 185925
NOREEN A. MADOYAN, SBN 279227
**MARGULIES FAITH LLP**
16030 Ventura Boulevard, Suite 470
Encino, CA 91436
Telephone: (818) 705-2777
Facsimile: (818) 705-3777
Email: Craig@MarguliesFaithLaw.com
Email: Noreen@MarguliesFaithLaw.com

Attorneys for Plaintiff
Jeremy W. Faith, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
NORTHERN DIVISION**

| | |
|---|---|
| In re<br><br>ROBERT LEE RAINS and<br>BETTY SUE RAINS<br><br>Debtors. | Case No.: 9:14-bk-10379-PC<br><br>Chapter 7<br><br>Adv. No.: |
| JEREMY W. FAITH, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>GREG WHITE, an individual<br><br>Defendant. | **COMPLAINT FOR:**<br><br>**(1) AVOIDANCE OF PREFERENTIAL TRANSFERS [11 U.S.C. § 547];**<br><br>**(2) RECOVERY OF AVOIDED TRANSFERS [11 U.S.C. § 550];**<br><br>**(3) DISALLOWANCE OF CLAIMS [11 U.S.C.§ 502(d)]; AND**<br><br>**(4) PRESERVATION OF AVOIDED TRANSFERS [11 U.S.C. § 551]** |

**TO THE HONORABLE PETER H. CARROLL, UNITED STATES BANKRUPTCY JUDGE:**

Plaintiff Jeremy W. Faith (the "Plaintiff"), the duly appointed, qualified, and acting Chapter 7 Trustee for the estate of debtors Robert Lee Rains and Betty Sue Rains (the "Debtors"), hereby brings this "Complaint For: (1) Avoidance Of Preferential Transfers [11 U.S.C. § 547]; (2) Recovery of Avoided Transfers [11 U.S.C. § 550]; (3) Disallowance of

Claims [11 U.S.C. § 502(d)]; and (4) Preservation of Avoided Transfers [11 U.S.C. § 551]" (the "Complaint") and respectfully alleges the following upon knowledge, information, and belief:

## I. STATEMENT OF JURISDICTION AND VENUE

1. This is an adversary proceeding filed pursuant to Federal Rule of Bankruptcy Procedure (F.R.B.P.) 7001(1) (a proceeding to recover money or property).

2. Plaintiff, as Chapter 7 Trustee of the Bankruptcy Estate of the Debtors (the "Estate"), has standing to bring this action under 11 U.S.C. §§ 323, 547, and 550.

3. The Court has jurisdiction over this adversary proceeding and its subject matter pursuant to 28 U.S.C. §§ 157(b)(1), and 1334(a) in that this proceeding arises in and relates to the Debtors' main bankruptcy proceeding, pending in the Central District of California, Northern Division, as *In re Robert Lee Rains and Betty Sue Rains*, Case No. 9:14-bk-10379-PC (the "Bankruptcy Case").

4. This action is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (F). To the extent any related claims are determined not to be a core proceeding, Plaintiff consents to an entry of final judgment and orders by the Bankruptcy Court.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1409(a).

## II. PARTIES

6. Plaintiff, Jeremy W. Faith is the duly-appointed, qualifying and acting Chapter 7 Trustee in the Bankruptcy Case.

7. Plaintiff is informed and believes, and on that basis thereon alleges, that Defendant Greg White ("Defendant") is an individual residing in the County of Ventura, State of California, and is subject to the jurisdiction of this Court.

## III. GENERAL ALLEGATIONS

8. The Debtors filed a voluntary petition for relief under Chapter 11 of Title 11 of the Bankruptcy Code on February 27, 2014 (the "Petition Date").

///

9. On June 10, 2015, the Bankruptcy Case was converted to one under Chapter 7 of the Bankruptcy Code. Thereafter, on June 15, 2015, Plaintiff was appointed as the Chapter 7 Trustee of the Debtors' Estate.

10. Plaintiff is informed and believes and thereon alleges, that Defendant is a member of Back and Beyond, LLC ("Back and Beyond"), an entity incorporated under the laws of the State of Montana.

11. Plaintiff is informed and believes and thereon alleges, that Debtors are the chief executive managers of Back and Beyond.

12. Plaintiff is informed and believes that, within the ninety (90) days prior to the Petition Date, the Debtors made the following payments to the Defendant (collectively the "Transfers"):

| Date | Amount |
|---|---|
| 12/2/2013 | $ 5,200.00 |
| 12/2/2013 | $ 2,400.00 |
| 12/4/2013 | $ 2,400.00 |
| **Total =** | **$ 10,000.00** |

13. Plaintiff is informed and believes that yet additional transfers may have been made to Defendant within the ninety (90) days prior to the Petition Date. Plaintiff specifically reserves the right to amend this Complaint to allege additional transfers, which may become known after further investigation and discovery is conducted.

**FIRST CLAIM FOR RELIEF**

**(Avoidance Of Preferential Transfers)**

**[11 U.S.C. § 547(b)]**

14. Plaintiff hereby incorporates herein by reference the preceding paragraphs of the Complaint as if fully set forth herein.

15. Plaintiff is informed and believes, and based thereon alleges, that the Transfers were made to or for the benefit of the Defendant.

16. Plaintiff is informed and believes, and based thereon alleges, that the Debtors had a property interest in the funds that made up the Transfers.

17.     Plaintiff is informed and believes that the Transfers were made to or for the benefit of the Defendant.

18.     Plaintiff is informed and believes, and based thereon alleges, that the Transfers were made for or on account of an antecedent debt owed by the Debtors to the Defendant before the Transfers were made.

19.     Plaintiff is informed and believes, and based thereon alleges that the Transfers were made while the Debtors were insolvent.

20.     Plaintiff is informed and believes, and based thereon alleges, that the Transfers enabled the Defendant to receive more than he would have received as a creditor if: (a) the Transfers had not been made; and (b) the Defendant received payment of the debts it was owed to the extent provided under the Bankruptcy Code.

21.     Plaintiff is informed and believes, and based thereon alleges, that interest on the Transfers has accrued and continues to accrue at the maximum legal rate pursuant to 28 U.S.C. § 1961 from the time the Transfers were made.

22.     Based on the foregoing, Plaintiff may avoid the Transfers pursuant to 11 U.S.C. § 547.

## SECOND CLAIM FOR RELIEF

**(Recovery of Avoided Transfers Against Defendant)**

**[11 U.S.C. § 550]**

23.     Plaintiff hereby incorporates herein by reference the preceding paragraphs of the Complaint as if fully set forth herein.

24.     Plaintiff is informed and believes and thereon alleges that the Defendant was the initial, transferees of each of the Transfers, or the individual or entity for whose benefit each of the Transfers were made, or is the immediate or mediate transferee of the initial transferee receiving such Transfers, or any of them.

25.     To the extent that the Transfers are avoided pursuant to 11 U.S.C. § 548, Plaintiff may recover, for the benefit of the Estate, the Transfers, or the value of such

Transfers under 11 U.S.C. § 547(b), from Defendant or from the entity or entities for whose benefit the Transfers were made, or any immediate or mediate transferee of such initial transferee.

## THIRD CLAIM FOR RELIEF

### (Preservation of Avoided Transfers)

### [11 U.S.C. § 551]

26. Plaintiff hereby incorporates herein by reference the preceding paragraphs of the Complaint as if fully set forth herein.

27. To the extent that the Transfers are avoided pursuant to 11 U.S.C. § 547, Plaintiff may preserve, for the benefit of the Estate, the Transfers pursuant to 11 U.S.C. § 551.

## FOURTH CLAIM FOR RELIEF

### (Disallowance of Claims)

### [11 U.S.C. § 502(d)]

28. Plaintiff hereby incorporates herein by reference the preceding paragraphs of the Complaint as if fully set forth herein.

29. Plaintiff is informed and believes, and based thereon alleges, that the Defendant is the initial transferee of the Debtors' interest in the Property under the Transfer.

30. Plaintiff is informed and believes, and based thereon alleges, that the Defendant is an entity from which property is recoverable under 11 U.S.C. § 550.

31. The Defendant has not paid Plaintiff or the Estate the amount for which it is liable under 11 U.S.C. § 550.

32. The Defendant has not turned over, to the Plaintiff or the Estate, the property for which it is liable under 11 U.S.C. § 550.

33. Accordingly, pursuant to 11 U.S.C. § 502(d), to the extent the Defendant has filed or files a claim, such claim(s) should be disallowed.

**WHEREFORE**, Plaintiff prays for relief, follows:

1. That the Court issue a judgment avoiding the Transfers as preferential transfers under 11 U.S.C. § 547

2. That the Court issue a judgment preserving the Transfers for the benefit of the Estate pursuant to 11 U.S.C § 551;

3. That the Court issue a judgment against the Defendant for turnover of the value of the Transfers, together with interest thereon at the legal rate from the date of the Transfers;

4. That the Court issue a judgment against the Defendant which awards Plaintiff his attorneys' fees, along with the costs of suit incurred herein; and

5. That the Court grant such other relief as the Court deems just and proper.

DATED: June 14, 2016                    **MARGULIES FAITH, LLP**

By: */s/ Noreen A. Madoyan*
Noreen A. Madoyan
Attorneys for Plaintiff Jeremy W. Faith,
Chapter 7 Trustee

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 16030 Ventura Blvd., Suite 470, Encino, CA 91436

A true and correct copy of the foregoing document entitled **COMPLAINT FOR: (1) AVOIDANCE OF PREFERENTIAL TRANSFERS [11 U.S.C. § 547]; (2) RECOVERY OF AVOIDED TRANSFERS [11 U.S.C. § 550]; (3) DISALLOWANCE OF CLAIMS [11 U.S.C.§ 502(d)]; and (4) PRESERVATION OF AVOIDED TRANSFERS [11 U.S.C. § 551]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On June 14, 2016, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On June 14, 2016, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

JUDGE: Honorable Peter H. Carroll, U.S. Bankruptcy Court, 1415 State Street, Suite 230, Santa Barbara, CA 93101

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 14, 2016 | Brian Reed | /s/ Brian Reed |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                **F 9013-3.1.PROOF.SERVICE**

# ADDITIONAL SERVICE INFORMATION (if needed)

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

**Bret G Anderson** banderson@fcoplaw.com
**William C Beall** will@beallandburkhardt.com, carissa@beallandburkhardt.com
**Greg P Campbell** ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
**Sara Chenetz** schenetz@perkinscoie.com, dlax@perkinscoie.com
**Jeremy W. Faith (TR)** Trustee@MarguliesFaithlaw.com,
C118@ecfcbis.com;Helen@MarguliesFaithLaw.com;leedowding@gmail.com;Brian@MarguliesFaithlaw.com
**Brian D Fittipaldi** brian.fittipaldi@usdoj.gov
**Amir Gamliel** agamliel@perkinscoie.com, cmallahi@perkinscoie.com
**Jonathan Gura** jgura@hbsb.com, tina@hbsb.com
**Carissa N Horowitz** carissa@beallandburkhardt.com, artyc@aol.com;castlesb@aol.com
**Yale K Kim** ykim@allenmatkins.com, lpanderson@allenmatkins.com
**Megan E Lees** ecfcacb@aldridgepite.com, MEL@ecf.inforuptcy.com;mlees@aldridgepite.com
**Noreen A Madoyan** Noreen@MarguliesFaithLaw.com,
Helen@MarguliesFaithlaw.com;Victoria@MarguliesFaithlaw.com;Brian@MarguliesFaithlaw.com
**Craig G Margulies** Craig@MarguliesFaithlaw.com, Victoria@MarguliesFaithlaw.com;Brian@MarguliesFaithlaw.com
**Yvonne Ramirez-Browning** BANKRUPTCYCLS@wellsfargo.com
**Vincent Renda** vr@rendalawoffices.com, ld@rendalawoffices.com
**Joseph M Sholder** sholder@g-tlaw.com
**Ramesh Singh** claims@recoverycorp.com
**Diane F Suchter** ojailaw@verizon.net
**Peter Susi** psusi@hbsb.com, susan@hbsb.com;krnimmons@hbsb.com
**Meghann A Triplett** Meghann@MarguliesFaithlaw.com,
Helen@MarguliesFaithlaw.com;Noreen@MarguliesFaithlaw.com;Victoria@MarguliesFaithlaw.com;Brian@MarguliesFaithlaw.com
**United States Trustee (ND)** ustpregion16.nd.ecf@usdoj.gov
**Gilbert R Yabes** ecfcacb@aldridgepite.com, GRY@ecf.inforuptcy.com;gyabes@aldridgepite.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**